UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**Susan Owen Thompson**
808 Cedar Dr., Apt. C
La Crescent, MN  55947

        Plaintiff,

                          Case No.   19-cv-954

vs.

**Lincoln National Life Insurance Company**
Registered Agent: Corporation Service Company
8040 Excelsior Dr. Ste. 400
Madison, WI  53717

        Defendant.

## COMPLAINT

The Plaintiff, Susan Owen Thompson, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in La Crescent, Minnesota.

2. Defendant, Lincoln National Life Insurance Company ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Indiana, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA ("the Plan") to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

8. Defendant approved Plaintiff's claim for LTDI benefits from April 10, 2017, until July 22, 2018.

9. Plaintiff's LTDI benefit is worth $1,651.52 per month.

10. Defendant denied Plaintiff's LTDI benefits claim beyond July 23, 2018.

11. Defendant determined whether Plaintiff was eligible for LTDI benefits.

12. Defendant was responsible for paying Plaintiff's LTDI benefits.

13. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

14. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

15. Plaintiff submitted all information requested by the Defendant.

16. Defendant failed to consider the issues raised in Plaintiff's appeal.

17. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

18. Defendant did not perform a "full and fair review" of Plaintiff's claim.

19. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

20. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

21. Defendant failed to engage in a meaningful dialogue with Plaintiff.

22. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

23. Defendant conducted a selective review of Plaintiff's medical records.

24. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

25. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

26. At all times material to this case, the Plan has remained in full force and effect.

27. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

28. The preceding paragraphs are reincorporated by reference as though set forth here in full.

29. Plaintiff has been and remains disabled, as that term is defined by the Plan.

30. Defendant arbitrarily and capriciously denied Plaintiff benefits.

31. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

32. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

33. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

34. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

35. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Susan Owen Thompson, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: September 19, 2019

                    **HAWKS QUINDEL, S.C.**

By: _/s/ William E. Parsons_
     William E. Parsons, State Bar No. 1048594
     Email: wparsons@hq-law.com
     Lynn K. Lodahl, State Bar No. 1087992
     Email: llodahl@hq-law.com
     409 East Main Street
     Madison, Wisconsin 53701-2155
     Telephone: 608/257-0040
     Facsimile: 608/256-0236

     Attorneys for Plaintiff, Susan Owen Thompson